IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO. 7:22-cv-210<br>)<br>) C O M P L A I N T |
| v. | )<br>) JURY TRIAL DEMAND |
| THE UNIVERSITY OF TEXAS PERMIAN BASIN, | )<br>)<br>) |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 to the correct the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to collect back wages due to an employee as a result of such unlawful payments. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission (hereafter "EEOC" or the "Commission") alleges that Defendant, The University of Texas Permian Basin, discriminated against Dr. Carol Sullivan, a former Associate/Assistant Professor, by paying her lower wages and lesser benefits than those paid to her male counterparts for performing equal work. EEOC further alleges that the Defendant retaliated against Dr. Sullivan by lowering her performance evaluations after she raised a complaint about and objection to the pay discrimination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of, *inter alia*, the Equal Pay Act, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant has continuously been operating in the Cities of Odessa and Midland in the State of Texas.

5. At all relevant times, Defendant has continuously been a public agency of the State of Texas within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x).

6. At all relevant times, Defendant has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i)

and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j), has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been an enterprise that has employees engaged in an activity of a public agency.

## STATEMENT OF EQUAL PAY ACT CLAIMS

8. Defendant has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying Dr. Sullivan lower wages than those paid to her male colleagues for performing equal work.

9. Defendant hired Dr. Sullivan on January 2, 2015, as a non-tenured Visiting Associate Professor of Accounting in its Accounting, Finance and Economics department. Dr. Sullivan became a non-tenured Assistant/Associate[1] Professor of Accounting for the 2015-16 academic year, effective September 1, 2015.

10. The job duties of the Assistant/Associate Professor of Accounting include teaching at least three courses in the fall and three courses in the spring, spending time making sufficient intellectual contributions to maintain scholarly academic status and advising students and other service-related activities for the University.

11. In 2019, Defendant hired a male, Dr. Dongfang Nie, as an Assistant/Associate Professor of Accounting. Dr. Nie's starting salary was $133,000. Dr. Nie's salary was $8,927.23 more than the salary paid to Dr. Sullivan for the 2019-20 academic year.

12. In 2020, Defendant hired a male, Dr. Howard Xu, as an Assistant/Associate Professor of Accounting. Dr. Xu's starting salary was $10,927.23 more than the salary paid to Dr. Sullivan for the 2020-21 academic year.

---

1 Defendant uses the titles "Assistant" and "Associate" interchangeably.

**COMPLAINT**
Page 3

13. Dr. Sullivan performed the same core duties as an Assistant/Associate Professor of Accounting, involving substantially equal skill, effort, and responsibility, and performed these duties under similar working conditions as Dr. Nie and Dr. Xu.

14. As a result of the acts complained of above, Defendant has unlawfully withheld the payment of wages that are due Dr. Sullivan.

15. Dr. Sullivan brought the pay discrepancy to the attention of the Dean of Accounting, Finance and Economics, but he and the University failed or refused to remedy the payment of lesser wages to Dr. Sullivan. She also brought the pay discrepancy to the attention of other University officials, including the University Provost, the President, and the Human Resources department. They also failed or refused to remedy the payment of lesser wages to Dr. Sullivan.

16. After Dr. Sullivan complained to the Dean, the Provost, the President and the Human Resources department, her performance evaluations were lowered. Two months after she filed a charge of discrimination with the EEOC, Dr. Sullivan's performance evaluations were lowered to "Below Expectations." The rating on her performance evaluation in effect rendered her ineligible for promotion to a full professorship. The rating also impacted her ability to transfer to another University.

17. The unlawful practices complained of in paragraphs 8-16 above were willful.

## **PRAYER FOR RELIEF**

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from

discriminating against females with respect to their compensation and from paying female employees lower compensation than their male comparators for performing equal work.

  B. Order Defendant to institute and carry out policies, practices, and programs, particularly with regard to pay and compensation, which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

  C. Grant a judgment requiring Defendant to make whole Dr. Carol Sullivan by providing appropriate backpay and liquidated damages, or prejudgment interest in lieu thereof in amounts to be determined at trial.

  D. Grant a judgment requiring Defendant to make whole Dr. Carol Sullivan by providing other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  E. Grant such further relief as this Court deems necessary and proper in the public interest.

  F. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

            Respectfully submitted,

            GWENDOLYN Y. REAMS
            Acting General Counsel

            CHRISTOPHER LAGE
            Deputy General Counsel

            ROBERT A. CANINO
            Regional Attorney
            Oklahoma State Bar No. 011782

/s/ Suzanne M. Anderson
SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No. 14009470

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
Tel No. (972) 918-3626
Fax No. (214) 253-2749