IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 7:22-CV-00210-DC-RCG |
| | ) ) | |
| THE UNIVERSITY OF TEXAS PERMIAN BASIN, | ) ) ) | |
| Defendant. | ) | |

## CONSENT DECREE

The parties to this Consent Decree are the Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC"), and Defendant, The University of Texas Permian Basin ("Defendant" or "UTPB"). This Consent Decree resolves the allegations raised by the EEOC in the above referenced Civil Action 7:22-cv-00210. The EEOC initiated this lawsuit under the Equal Pay Act of 1963 ("EPA"), 52 Stat. 1062, as amended, 29 U.S.C. § 206(d) *et seq*. The EEOC alleged that Defendant discriminated against Dr. Carol Sullivan, a former Associate Professor of Accounting, by paying her lower wages than those paid to her male counterparts for performing equal work. EEOC further alleged that the Defendant retaliated against Dr. Sullivan by lowering her performance evaluations after she raised a complaint about and objection to the pay discrimination. Defendant denied the EEOC's allegations and asserted that any differences in pay between Dr. Sullivan and any male comparators were based on a legitimate, gender-neutral factor and that any actions taken against Dr. Sullivan were based on legitimate, non-discriminatory and non-retaliatory reasons. Defendant maintains that setting salaries based on market data may be a

factor other than sex when the market data relied upon is free from discriminatory assumptions and stereotypes in the labor market.

The parties wish to settle this action, without the necessity of further litigation, pursuant to the terms delineated in this Consent Decree, with each party expressly acknowledging that this settlement is a compromise of disputed claims.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction over the subject matter of this action, the parties for purposes of this action, entry of the Consent Decree, and all proceedings related to the Consent Decree and its enforcement. Venue is proper and all administrative prerequisites to the filing of the Complaint have been met.

2. The effective date of this Consent Decree shall be the date it is signed and filed by the Court.

3. This Consent Decree resolves the Equal Pay Act claims articulated by EEOC raised in its Complaint and the discrimination and retaliation claims raised in EEOC Charge No 453-2021-00053. EEOC waives further litigation of all issues raised in its Complaint. EEOC, however, expressly reserves its right to process and litigate any other charges which may now be pending or may in the future be filed against Defendant.

4. The duration of this Consent Decree shall be three (3) years from its effective date. This Court shall retain jurisdiction of this action during the period of this Consent Decree and may enter such other and further relief as it deems appropriate to ensure implementation and enforcement of the provisions of this Consent Decree. Any non-compliance with this Consent

Decree by Defendant and/or its officers, employees, servants, successors, or assigns shall toll the running of this three-year period as of the date of non-compliance.

5. During the term of this Consent Decree, Defendant, its directors, officers, successors, assigns, agents, servants, employees, managers (including all supervisors), partners, and all persons in active concert or participation with them, are enjoined from paying female employees, performing equal work as male employees in positions that require substantially equal skill, effort and responsibility, lower compensation than those male employees except where differences in compensation are based on a legitimate, gender-neutral factor, such as a seniority system, merit system, a system that measures earning by quantity or quality of production, or a system based on anything other than sex.

6. During the term of this Consent Decree, Defendant, its directors, officers, successors, assigns, agents, servants, employees, managers (including all supervisors), partners, and all persons in active concert or participation with them are enjoined from retaliating against any person because they: (i) opposed discrimination made unlawful under the EPA and/or Title VII; (ii) filed a Charge of Discrimination alleging pay discrimination made unlawful under the EPA and/or Title VII; (iii) testified or participated in any manner in any investigation (including, without limitation, any internal investigation), proceeding, or hearing in connection with any claim of discrimination made unlawful under the EPA and/or Title VII ; (iv) were identified as a possible witness or claimant in this action; (v) asserted any rights under this Decree; and/or (vi) sought and/or received any relief in accordance with this Decree.

7. Defendant shall pay Carol Sullivan the sum of $46,000.00 in settlement of the Equal Pay Act claims raised in EEOC's Complaint. This amount includes $23,000.00 in backpay benefits from which the Defendant will make deductions and withholdings required by law based on an

IRS Form W-4 to be executed by Dr. Sullivan and provided to Defendant, and for which an IRS Form W-2 will be issued by Defendant. Defendant shall deduct only the employee's portion of FICA and applicable federal tax withholdings from the monetary damages allocated as wages. The remaining amount of $23,000.00 is attributable to liquidated damages under the EPA from which no deductions will be made and for which Dr. Sullivan will execute an IRS Form W-9. Defendant will issue a 1099 for this remainder amount. Defendant shall make payment by issuing checks payable to Carol Sullivan. Within thirty (30) days of the entry of this Consent Decree by the Court and approval by the Office of the Attorney General of Texas and other required Texas state entities, Defendant shall mail the checks to Dr. Sullivan at an address provided by the Commission. Within ten (10) days after the checks have been sent, Defendant shall send to the Commission a copy of the checks and proof of their delivery to Dr. Sullivan.

8. Within sixty (60) days of the effective date of this Consent Decree, Defendant shall revise its written faculty compensation policy ("the Policy") and distribute it to all faculty of the University of Texas Permian Basin by email. The Policy will set forth the factors it relies on when setting salaries and making adjustments to compensation (including but not limited to the award of bonuses). The Policy shall list the provisions of the Equal Pay Act of 1963 and Title VII that prohibit discrimination in pay based on sex and will expressly state that UTPB prohibits sex discrimination in compensation. The Policy will also include an explanation of how to report compensation discrimination and a statement assuring employees that UTPB will not retaliate against any individual for making a complaint of compensation discrimination. Finally, the Policy will state that employees are not discouraged from discussing salaries or any other aspects of compensation.

9. Within ninety (90) days of the effective date of this Consent Decree, and for each year that this Consent Decree is in effect, Defendant shall provide mandatory training on the requirements and prohibitions of the EPA and Title VII to all employees who are involved in faculty compensation decisions, including but not limited to decisions about salary offers. Each training will be no less than two (2) hours in duration. This training shall consist of, among other things: 1) a review of Defendant's written faculty compensation policy; 2) an explanation of an employer's obligation to provide equal pay for equal work under the EPA and TVII prohibitions from engaging in discriminatory pay practices that are based on sex/gender; and, 3) an explanation of the factors hiring officials should consider when determining starting salaries, as well as the factors to be considered when making other faculty-related compensation decisions.

All employees who attend the annual training sessions described above will print and sign their full names and provide their job title on an attendance sheet that lists the date, time and title of the training. Defendant may also offer the training in a virtual format that provides for electronic confirmation of attendance. Within thirty days of each training, Defendant shall verify completion of the training in writing to EEOC, to include the subject matters covered and the date of the training.

10. Within ten (10) days of the effective date of this Consent Decree, Defendant shall post copies of the Notice attached as Exhibit A to this Consent Decree in the Heimmermann Center for Engaged Teaching on a bulletin board or other physical space in that building that is regularly used by Defendant for posting legal notices concerning employee rights. The Notice shall remain posted in this manner for the term of this Consent Decree. Defendant shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material.

11. No later than thirty (30) days after entry of this Consent Decree, Defendant shall certify to EEOC in writing that the Notice has been properly posted in accordance with Paragraph 10.

12. During the term of this Consent Decree, Defendant shall maintain and make available for inspection and copying by the EEOC all faculty complaints made to Defendant's Human Resources Department or Compliance Office related to sex-based compensation discrimination. For each such complaint or report, such records shall include: (a) the name of the employee who made the complaint or report and that employee's address and telephone number; (b) the date of the complaint or report; (c) the name and position of each employee who was made aware of the complaint; (d) a written description of what was alleged in the complaint or report; (e) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, Defendant took, and the name and position of all persons involved in any actions taken; and (f) if the complaint or report was made in written form, a copy thereof.

13. Defendant shall require personnel within its employ, upon request by the EEOC, to cooperate with and be interviewed by the EEOC for purposes of verifying compliance with this Consent Decree.

14. The terms of this Consent Decree shall be binding upon the EEOC and Defendant, its agents, officers, employees, servants, successors, and assigns, as to the issues resolved herein.

15. The parties to this Consent Decree shall bear their own costs and attorneys' fees incurred in this action as of the date of entry of this Consent Decree by the Court.

16. If Defendant fails to tender payment or otherwise fails to timely comply with the terms of the paragraphs above, Defendant shall, as applicable:

a. Pay interest at the rate calculated pursuant to 26 U.S.C. Section 6621(b) on any untimely or unpaid amounts; and

b. Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the Defendant.

17. If the EEOC believes that Defendant has not complied with any term or provision of this Consent Decree, it shall provide written notice of the alleged non-compliance prior to taking any action thereon (the "Notice of Alleged Non-Compliance"). The Notice of Alleged Non-Compliance shall include the Paragraph(s) of this Consent Decree alleged to be violated and a statement of the facts and circumstances relied upon as the basis of the EEOC's claim of noncompliance. Defendant shall have thirty (30) days from receipt of the Notice of Alleged Non-Compliance to respond to the EEOC regarding the alleged violation, during which time the EEOC shall not undertake any enforcement action. The thirty (30) day period may be extended by written agreement executed by the EEOC and Defendant. If the EEOC and Defendant are unable to resolve their dispute regarding the alleged violation, then the EEOC may seek enforcement of this Consent Decree with respect to the alleged violation in the United States District Court for the Western District of Texas, Midland/Odessa Division.

18. When this Consent Decree requires the submission by Defendant of documents, reports, or other materials to the EEOC, such materials shall be mailed and emailed to Trial Attorney Esha Rajendran, United States Equal Employment Opportunity Commission, San Antonio Field Office, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229, esha.rajendran@eeoc.gov.

SO ORDERED AND ENTERED this 30th day of August, 2023.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE

AGREED TO AS TO FORM AND SUBSTANCE:

| ATTORNEYS FOR DEFENDANT | ATTORNEYS FOR PLAINTIFF |
|---|---|
| /s/ Drew Harris<br>DREW HARRIS<br>State Bar No. 24057887<br>E-Mail: drew.harris@oag.texas.gov<br><br>OFFICE OF THE ATTORNEY GENERAL<br>General Litigation Division<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>Telephone: (514) 475-4225 | /s/ Robert Canino<br>ROBERT CANINO<br>Regional Attorney<br>Oklahoma State Bar No. 011782<br><br>ESHA RAJENDRAN<br>Trial Attorney<br>Texas State Bar No. 24105968<br>E-mail: esha.rajendran@eeoc.gov<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>San Antonio Field Office<br>5410 Fredericksburg Road, Suite 200<br>San Antonio, Texas 78229-3555<br>Telephone: (210) 640-7574<br>Facsimile: (210) 281-7669 |

Exhibit A

## NOTICE OF RESOLUTION

This NOTICE is being posted pursuant to a Consent Decree between The University of Texas Permian Basin (UTPB) and the U.S. Equal Employment Opportunity Commission (EEOC). This NOTICE will be conspicuously posted for a period of three (3) years at this facility and in all places where employment notices are posted. It must not be altered, defaced, or covered by any other material.

The Equal Pay Act and Title VII prohibit employers from discriminating against employees because of their sex in the payment of wages. UTPB reaffirms its commitment not to consider sex/gender as a factor in wage compensation to employees and faculty. Wages include all forms of compensation, including hourly pay, salary, overtime pay, increases and bonuses.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedure, and activities are in full compliance with applicable federal, state, and local equal employment laws, statutes, rules, and regulations regarding discrimination. All employees are expected to read, understand, and follow UTPB's policy against discrimination.

**REPORTING PROCEDURES:** Any employee who believes that they have been subjected to sex discrimination are expected to report the conduct as soon as possible to either that person's department supervisor or any supervisor or manager with UTPB or Human Resources. Supervisors and managers who are informed of any alleged incident of discrimination must immediately notify Human Resources. A person either alternatively, or in addition to reporting such an allegation to UTPB's officials, may contact the U.S. Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the nearest U.S. EEOC office is 100 N. Stanton Street, El Paso, Texas 79901, (915) 534-6700. Information about your rights and how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS:** A complete investigation of each complaint will be undertaken immediately by UTPB's Human Resources Department. The investigation may include interviews of all employees and supervisors at the facility.

**PUNISHMENT FOR VIOLATION:** Employees who engage in wage discrimination, including supervisors and managers, can expect serious disciplinary action. After an appropriate investigation, any employee, whether management or non-management, who has been found to have discriminated against another employee will be subject to appropriate discipline, depending on the circumstances, from a written warning in his or her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under the Equal Pay Act or Title VII. UTPB will not punish

you for reporting wage-based discrimination simply because you have made a complaint under the above guidelines.

THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE. THIS NOTICE WILL BE POSTED FOR A PERIOD OF THREE (3) YEARS.

Signed this _____ day of _____, 2023.

_____
THE UNIVERSITY OF TEXAS PERMIAN BASIN